UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MATOCIKA POOR BEAR,<br><br>Defendant. | 5:25-CR-50014-CCT<br><br><br>**PRETRIAL RULINGS** |

Consistent with the Court's oral rulings made during the August 19, 2025 pretrial conference in the above-captioned case and upon further consideration of the matters taken under advisement, the Court enters the following written rulings and orders.

### NOTICE OF INTENT TO OFFER EXPERT WITNESS TESTIMONY

The government filed notice of its intent to offer expert testimony from Dr. Donald Habbe. Dockets 24 and 31. Mr. Poor Bear objected, asserting insufficient notice for Dr. Habbe's proposed testimony about the victim's blood alcohol concentration and the effect death has on blood alcohol concentration. Docket 35. Mr. Poor Bear also objected to Dr. Habbe's proposed testimony that had the victim received medical intervention, he would have lived. *Id.*

An expert witness "who is qualified as an expert by knowledge, skill experience training or education" may testify if the expert's "knowledge will help the trier of fact understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The proponent of the evidence must demonstrate that the

1

expert witness's testimony is "based on sufficient facts or data" and "the product of reliable principles and methods," and that the expert witness reliably applied those principles and methods. *Id.*

The Court notes that Dr. Habbe conducted the autopsy and signed the report. He has testified multiple times as an expert in criminal cases in this district on this topic. The Court therefore finds that he is qualified to testify about the matters within the autopsy and that his knowledge will assist the jury in understanding the evidence and determining facts in issue.

The Court overrules the objection to the noticed testimony regarding blood loss, blood alcohol concentration, and what effect blood alcohol concentration has on death. The government provided sufficient notice of this testimony, including the basis for Dr. Habbe's opinion. *See* Fed. R. Evid. P. 16.

The Court sustains the objection to Dr. Habbe's proposed testimony regarding medical intervention as not relevant under Rule 401 to the government's particular charge of involuntary manslaughter. The critical act in question is Mr. Poor Bear assaulting the victim, not Mr. Poor Bear failing to render or retrieve medical aid after the punch. The testimony is also unfairly prejudicial and would serve to confuse the issues for the jury, rendering it excludable under Rule 403.

**NOTICE OF INTENT TO OFFER RULE 404(b) EVIDENCE**

The government filed notice of its intent to introduce Rule 404(b) evidence to prove intent and knowledge. Docket 33. The evidence concerns an incident on August 27, 2024, where Mr. Poor Bear struck Coby Ross on the lip. *Id.* Mr. Poor Bear objects, arguing that the government's stated reasons are not "a true basis for admissibility in this case" but, rather, is an attempt to suggest that Mr. Poor Bear has a bad character or criminal proclivity. Docket 39. He also claims that the evidence is minutely relevant and the circumstances of the prior incident are dissimilar to the present charge. Further, he contends the evidence's danger of unfair prejudice substantially

2

outweighs its probative value under Rule 403. *Id.* Lastly, he claims that the evidence is not admissible because he is not asserting self-defense and there exists no other recognized non-propensity purpose for admitting this evidence. *Id.*

     Under Rule 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Crim. P. 404(b)(1). However, such other acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* (b)(2). "The evidence must be 1) relevant to a material issue; 2) similar in kind and not overly remote in time to the charged crime; 3) supported by sufficient evidence; and 4) such that its potential prejudice does not substantially outweigh its probative value." *United States v. Williams*, 308 F.3d 833, 837 (8th Cir. 2002) (citation omitted). Importantly, "Rule 404(b) is a rule of inclusion, prohibiting only evidence that tends solely to prove the defendant's criminal disposition." *United States v. Young*, 753 F.3d 757, 768 (8th Cir. 2014) (citation omitted). Exclusion of evidence under Rule 404(b) is generally reserved for "when the evidence clearly ha[s] no bearing on the case and [is] introduced solely to show defendant's propensity to engage in criminal misconduct." *United States v. Walker*, 428 F.3d 1165, 1169 (8th Cir. 2005) (citation omitted).

     First, while the prior incident is not remote in time and is supported by sufficient evidence, the incident is not relevant to a material issue. The issue at trial will not be whether Mr. Poor Bear punched the victim. Also, the act of punching someone else on the lip in an unrelated incident does not alone provide knowledge of the potential that punching a different person on the lip would cause death. And even though self-defense has not been raised, it is not apparent how the prior incident would relate to negating a claim of self-defense.

Next, the prior incident and the present offense are dissimilar in kind. The severity of each punch is significantly different; in the prior instance, the victim's injuries included swelling and redness, whereas here the victim died. The prior altercation took place in public and with a stranger, whereas here it took place inside a private residence and with a known acquaintance. In the prior incident, the action resulted in an assault offense, whereas here the offense is involuntary manslaughter. Finally, although the government does not make an argument for why the evidence is not unfairly prejudicial, instead focusing on its probative value, the Court concludes that the potential prejudice of admitting this evidence substantially outweighs its probative value. "Unfair prejudice means an undue tendency to suggest decision on an improper basis, including evidence which is so inflammatory on its face as to divert the jury's attention from the material issues in the trial." *United States v. Patterson*, 68 F.4th 402, 416 (8th Cir. 2023). Here, this prior act evidence serves only to inflame the jury and attack Mr. Poor Bear's character for a suggested criminal propensity, making it unfairly prejudicial under Rule 403.

Therefore, the Court sustains Mr. Poor Bear's objection, Docket 39, and the other act evidence noticed by the government at Docket 33 is not admissible.

## MOTIONS IN LIMINE

1. **Reference to penalty or punishment**. The government moves to preclude the defendant, his attorney, or any witness from making any comment or reference, whether direct or indirect, to penalty or punishment in this case. Mr. Poor Bear does not object; therefore, the government's first motion in limine at Docket 36 is granted.

2. **Opinion of witnesses as to the truthfulness of the allegations as encompassed by the indictment or as to the appropriate verdict in the case.** The government moves that the defendant, his attorney, and any witnesses be precluded from expressing an

opinion on the defendant's guilt or innocence or the appropriate verdict in this case. Mr. Poor Bear objects, arguing that this motion is too broad and would preclude him from testifying as to the events as he perceived and witnessed, should he choose to testify, and that it limits his attorney from making an argument that the evidence fails to show Mr. Poor Bear committed the crime for which he is charged. Witnesses may not invade the province of the jury, *United States v. Thirion*, 813 F.2d 146, 156 (8th Cir. 1987), and as such are precluded from expressing an opinion on the defendant's guilt or innocence. However, Mr. Poor Bear is free to testify as to his opinion on his guilt or innocence by denying or acknowledging questions of fact. Likewise, defense counsel is free to make argument that is properly premised on the evidence in the case. However, the Court holds the government's second motion in limine at Docket 36 in abeyance and will rule on any objections on this motion that arise at trial.

3. **Opining on guilt or innocence.** The government moves to preclude defense counsel and any witnesses from making any comments, by way of opinion, direct or indirect, on the defendant's guilt or innocence. For the same reasons expressed on the prior motion in limine, Mr. Poor Bear objects to this motion in limine. Evidence expressing an opinion on a defendant's innocence or guilt is inadmissible and "invades the province of the jury." *Thirion*, 813 F.2d at 156; *Wesson v. United States*, 164 F.2d 50, 55 (8th Cir. 1947) ("And any such unnecessary opinion evidence in a criminal case that will inescapably be a plain expression of the witness' opinion of the defendant's guilt . . . should be scrupulously avoided."). Witnesses are not permitted to testify as to their opinion of the defendant's guilt or innocence. However, if Mr. Poor Bear testifies, he may answer questions related to his guilt or innocence.

5

Defense counsel may make arguments regarding the evidence. Nevertheless, the Court holds the government's third motion in limine at Docket 36 in abeyance and will rule on any objections on this motion that arise at trial.

4. **That the case has been superseded more than once.** The government moves to preclude defense counsel from mentioning, discussing, arguing, or questioning witnesses regarding the defendant's case being superseded more than once. Mr. Poor Bear does not object; therefore, the government's fourth motion in limine at Docket 36 is granted.

5. **Facebook pages.** Mr. Poor Bear moves to preclude the government from introducing into evidence or questioning any witnesses at trial about information related to his purported Facebook pages. The government filed a response, Docket 42, indicating that it does not intend to introduce such evidence. Mr. Poor Bear's motion in limine at Docket 37 is granted.

6. **Michael Goodman.** Mr. Poor Bear moves to preclude the government from calling Michael Goodman as a witness at trial because the discovery related to this witness was only recently produced and because he was not noticed as an expert witness to testify about the medical terms in the ambulance record. The government responds that Mr. Goodman will not testify as an expert. Mr. Goodman is an EMT, responded to the incident scene, and has personal knowledge of relevant facts based on his observations. His presence will be corroborated by body camera footage from a law enforcement officer that also responded to the scene. The Court concludes that Mr. Poor Bear was given adequate notice of Mr. Goodman as a fact witness and that Mr. Poor Bear was not prejudiced on the timing of the disclosure of discovery. Mr. Poor Bear's motion in limine at Docket 38 is denied. On an oral request for clarification by Mr. Poor Bear, and

not objected to by the government, Mr. Goodman is precluded from testifying about "rigor" and "rigor mortis" because these medical terms are not commonly used or known.

7. **Request for sequestration.** The government made an oral request that witnesses be sequestered and that Mr. Poor Bear be precluded from discussing the facts of the case with his father, Mr. Ronald Jumping Eagle, who is a potential witness. Mr. Poor Bear does not object; therefore, the government's request is granted, and the sequestration order is reciprocal to both parties.

8. **Request for reciprocal discovery.** The government made an oral request for reciprocating discovery related to Mr. Jumping Eagle. Mr. Poor Bear does not object; therefore, the government's request in this regard is granted.

9. **Requests for case agent and investigator at counsel table.** The government requests that its case agent, Brent Bixenman, sit at counsel table, and Mr. Poor Bear requests the same for his investigator, Thomas Baloun. Neither party objects; therefore, the Court grants both requests.

10. **Photographs.** Mr. Poor Bear made an oral objection to the admission of all seven photographs of the victim identified as exhibits by the government, arguing that admitting all seven photographs has no evidentiary value, that it would be highly inflammatory, and that there is no probative value. The government argues that the photographs are not cumulative, show the nature of death, and are relevant to show an element of the charged offense. The Court took the motion under advisement. Now having examined the photographs, the Court overrules Mr. Poor Bear's objection. The photographs are relevant and not overly gruesome or inflammatory. *See United States v. Greatwalker*, 356 F.3d 908, 912–13 (8th Cir. 2004) ("A district court may admit relevant photographs unless they are so

gruesome or inflammatory that the prejudicial impact substantially outweighs the probative value." (cleaned up)).

Dated August 25, 2025.

                              BY THE COURT:

                              /s/ *Camela C. Theeler*
                              CAMELA C. THEELER
                              UNITED STATES DISTRICT JUDGE